# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3482

_____

Albert J. Staley,                      *
                                       *
              Appellant,               *
                                       *
       v.                              *
                                       *   Appeal from the United States
Larry D. May, Chief Deputy             *   District Court for the
Director, Arkansas Department of       *   Eastern District of Arkansas.
Correction; Suzanne Hixson,            *
Assistant Attorney General;            *      [UNPUBLISHED]
Harold Erwine, Circuit Judge,          *
Randolph County; Debbie Wise,          *
Circuit Clerk, Randolph County,        *
                                       *
              Appellees.               *

_____

Submitted: March 30, 2011
Filed: May 11, 2011

_____

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Albert Staley appeals from the preservice dismissal of his 42 U.S.C. § 1983 complaint for lack of jurisdiction and seeks leave to proceed in forma pauperis (IFP) on appeal. We grant IFP status and reverse and remand.

The State of Arkansas brought suit in state court under the Arkansas State Prison Inmate Care and Custody Reimbursement Act to seize Staley's assets to pay for the costs of his incarceration. The State moved to have funds in Staley's inmate account deposited with the court clerk pending resolution of the suit. The state court granted that motion in a November 19, 2009, order. In Staley's § 1983 complaint, he challenged the seizure as a violation of federal law to the extent the funds are his social security benefits.[1]

The District Court dismissed the complaint with prejudice as frivolous and for failure to state a claim. The court construed Staley's complaint as seeking to overturn a state-court decision and held that it was therefore Rooker-Feldman barred.[2] This was error. The November 2009 state-court order in question is an interim order intended to protect the assets and is not a final disposition of the State's suit seeking reimbursement for Staley's care and custody.

We grant Staley IFP status on appeal, and we reverse and remand the case to the District Court. We express no opinion on whether the District Court's jurisdiction may otherwise be affected by immunity or abstention issues.

————————————————

[1]It appears the State sought to have approximately $5000 from Staley's account deposited with the state court but has since acknowledged that $3638 of those funds were claimed by the Social Security Administration as overpaid benefits.

[2]Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

-2-